**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prudential Insurance Company of America, | No. CV-15-08170-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Jerry Lee Wells, et al., | |
| Defendants. | |

Plaintiff Prudential Insurance Company of America ("Prudential") filed a motion for default judgment against Defendant Jerry Lee Wells ("Jerry") or, in the alternative, for appointment of a guardian ad litem to represent Jerry.  Doc. 26.  Jerry has not responded.  The three remaining Defendants – Constance S. Brenton, Lei Ann Stickney, and James Robert Wells – are siblings of Jerry ("Siblings").  The Siblings filed a notice taking no position on Prudential's motion.  Doc. 28.  For the following reasons, the Court will deny in part and grant in part Prudential's motion.

## I.    Background.

Anita Wells was the mother of Jerry and the Siblings.  She was insured by a Prudential group life insurance policy issued to NEA Members Insurance Trust.  Doc. 26-2 at 1, ¶ 3.  She will be referred to in this order as "the Insured."

The Insured died on January 23, 2015, as a result of blunt force trauma to the head.  *Id.* at 2, ¶ 5, 72.  Her death was ruled a homicide.  *Id.* at 72.  The Insured is survived by four children – Jerry and the three Siblings – but no surviving spouse.  *Id.* at

3, ¶ 11, 72.  Jerry has been charged with the Insured's murder, and is currently confined in the Yavapai County Detention Center awaiting prosecution.  Docs. 26-1 at 2, ¶ 10; 26-2 at 3, ¶ 9.

The Insured's life insurance policy included various term life insurance and accidental death and dismemberment ("AD&D") benefits.  Doc. 26-2 at 2, ¶ 4.  The Insured's policy included the following benefits which are at issue in this case: (1) NEA New Optional Life Insurance Benefits in the amount of $5,000; (2) AD&D Upgraded Benefits in the amount of $99,000 ($90,000 plus a ten percent additional benefit); and (3) Guaranteed Issue Life Coverage in the amount of $6,000.  *Id.*  These benefits became payable on the Insured's death.  *Id.* at 2, ¶ 6.

Jerry is the designated beneficiary of at least a portion of each of these benefits.  The Insured designated all four of her children as beneficiaries, in equal shares, of the NEA New Optional Life Insurance Benefits.  *Id.* at 2, ¶ 7, 74.  Prudential has paid each of the three Siblings their $1,250 share of the NEA New Optional Life Insurance Benefits, but has not paid Jerry his $1,250 share.  *Id.* at 3-4, ¶¶ 13-14.  The Insured designated Jerry as the sole beneficiary of the $99,000 of AD&D Upgraded Benefits and the $6,000 of Guaranteed Issue Life Coverage benefits.  *Id.* at 2-3, ¶ 8, 77, 81.  Prudential has not paid Jerry either of these benefits.  *Id.* at 3-4, ¶ 14.  In total, Prudential has withheld the $106,250 of benefits that, but for the pending murder charges, would be owed to Jerry ("Death Benefits").  *Id.*  Prudential claims no title or interest in the Death Benefits.  *Id.* at 4, ¶ 15.  Should Jerry be disqualified from receiving the Death Benefits, the $106,250 in Death Benefits would pass to the Siblings in equal shares.  *Id.* at 3, ¶¶ 10, 12; *see also id.* at 18, 49, 69.

## II.   Analysis.

Prudential argues that it is entitled to a default judgment against Jerry because he has failed to file an answer.  Alternatively, Prudential argues that the Court should appoint a guardian ad litem to represent Jerry in this action.  Prudential also seeks an order directing it to deposit the $106,250 in Death Benefits with the Court and

1    discharging it from further liability.

2        **A.    Default Judgment.**

3        "A defendant must serve an answer within 21 days after being served with the

4    summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  If the defendant fails to

5    answer, the plaintiff may request that the clerk of the court enter the defendant's default.

6    Fed. R. Civ. P. 55(a).  A party pursuing a default judgment must first seek the entry of

7    default under Rule 55(a).  *See Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D.

8    Cal. 1998); *see also* 10A Charles Alan Wright & Arthur Miller, *Federal Practice and

9    Procedure* § 2682 (3d ed. 2015).  "The power to grant or deny relief upon an application

10   for default judgment is within this Court's discretion."  *Discovery Commc'ns, Inc. v.

11   Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1287 (C.D. Cal. 2001).

12       Prudential filed its interpleader complaint on September 9, 2015 (Doc. 1), and

13   served it on Jerry on September 18, 2015 (Doc. 9).  Prudential submitted its Rule 55(a)

14   application for entry of Jerry's default on November 24, 2015, well beyond the 21-day

15   period in which Jerry could respond to the complaint.  Doc. 13.  The Clerk of the Court

16   entered Jerry's default on November 24, 2015.  Doc. 14.  Because Prudential is not

17   seeking from Jerry a sum certain or a sum that can be made certain by computation, it

18   must apply for the entry of default judgment from this Court.  Fed. R. Civ. P. 55(b).

19   Prudential has done so.  *See* Doc. 26 at 6-8.

20       Prudential is not entitled to a default judgment against Jerry at this time.  Under

21   Rule 55(b)(2), a default judgment may be entered against an "incompetent person *only if*

22   represented by a general guardian, conservator, or other like fiduciary who has

23   appeared."  Fed. R. Civ. P. 55(b)(2) (emphasis added).  There is unrefuted evidence in the

24   record that the Yavapai County Superior Court found Jerry incompetent prior to

25   September 9, 2015, the date on which Prudential initiated this lawsuit.  Doc. 26-1 at 5

26   (finding Jerry incompetent as of July 13, 2015); *see also id.* at 2, ¶ 11.  Although the

27   Superior Court found that Jerry could likely be restored to competency by October 2016

28   (*id.* at 5), there is no evidence that Jerry has, in fact, been restored.  The only evidence

available to the Court at this time indicates that Jerry is currently incompetent, and that he has been so for the duration of this lawsuit.  In such a case, default judgment can be entered against Jerry only if: (1) he has been represented by a general guardian, conservator, or like fiduciary (2) who has appeared on his behalf.  Fed. R. Civ. P. 55(b)(2).  Neither has occurred here.

It is of no import, as Prudential suggests, that Jerry has not been adjudicated permanently incompetent.  *See* Doc. 26 at 7.  The only evidence before the Court indicates that Jerry is likely incompetent.  The Court therefore exercises its discretion to deny Prudential's Rule 55(b)(2) motion for default judgment.  *Discovery Commc'ns*, 172 F. Supp. 2d at 1287.[1]

**B.     Guardian Ad Litem.**

Prudential alternatively seeks the appointment of a guardian ad litem to represent Jerry.  Doc. 26 at 8.  "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  In deciding whether to appoint a guardian ad litem, courts should consider whether the litigant's claims have merit and, therefore, whether he has interests that require protection.  *See Armstrong v. Mitchell*, No. 13-CV-01421-PHX-DGC, 2014 WL 460984, at *3 (D. Ariz. Feb. 5, 2014) (citations omitted) (declining to appoint guardian ad litem to represent incompetent plaintiff where he "has failed to state a claim and cannot do so").

The evidence presented to the Court indicates that Jerry is entitled to the Death Benefits unless he is convicted of the murder of the Insured or the Court finds by a preponderance of the evidence that he "would be found criminally accountable for the felonious and intentional killing of" the Insured.  *See* A.R.S. § 14-2803(F).  Jerry has not been convicted, and the Court has not been presented with evidence from which it can

---

[1] Prudential also argues that the seven factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of entering a default judgment against Jerry.  Because the Court finds Jerry's incompetence and Rule 55(b)(2) dispositive, it declines to consider the *Eitel* factors.

1   determine whether Jerry is culpable in the Insured's murder. The Court therefore cannot

2   find that Jerry lacks a legitimate interest in the Death Benefits, and concludes that his

3   interests should be protected through the appointment of a guardian ad litem. Fed. R.

4   Civ. P. 17(c)(2).

5          The Siblings have located an experienced attorney, Paul J. Theut, who is willing

6   and able to serve as Jerry's guardian ad litem. *See* Doc. 28-1 at 2. Although the interests

7   of Jerry and the Siblings are at odds in this matter, the Court is not troubled by the role

8   the Siblings played in suggesting Mr. Theut to represent Jerry. The Siblings took no

9   position on Prudential's motion. *Id.* Through a letter from their counsel, the Siblings

10  stated that they simply "wish the best for their brother." *Id.* The Court also notes that the

11  guardian ad litem would have independent ethical obligations to Jerry. Finally, the Court

12  independently sought input from judges in state court who have dealt with Mr. Theut and

13  received confirmation that he would be an able guardian. The Court is satisfied that Mr.

14  Theut will competently and fairly represent Jerry's interests.

15         Prudential requests that the guardian ad litem's costs and fees be paid out of the

16  Death Benefits. Doc. 26 at 8. The Court agrees, to the extent those costs and fees are

17  reasonable.

18  **C.      Depositing the Death Benefits With the Court.**

19         Prudential seeks an order permitting it to deposit the Death Benefits with the Court

20  for the pendency of this lawsuit. Doc. 26 at 8-9. When a party seeks the disposition of a

21  sum of money, "a party – on notice to every other party and by leave of court – may

22  deposit with the court all or part of the money or thing, whether or not that party claims

23  any of it." Fed. R. Civ. P. 67(a); *see also* LRCiv 67.1. "The depositing party must

24  deliver to the clerk a copy of the order permitting deposit." Fed. R. Civ. P. 67(a). In this

25  case, Prudential seeks only to disburse the $106,250 in Death Benefits to the rightful

26  beneficiary. Prudential has provided notice to both Jerry and the Siblings, each of whom

27  have a colorable claim to the Death Benefits. *See* Doc. 26 at 14 (certificate of service).

28  Moreover, Prudential claims no title or interest in the Death Benefits and stands ready to

1   deposit the funds with the Court.  Doc. 26-2 at 4, ¶ 15.  The Court concludes that, under

2   Rule 67(a), Prudential should deposit the $106,250 in Death Benefits with the Court for

3   the pendency of this case.

4        **D.   Prudential's Discharge From Further Liability.**

5        Prudential argues that it is a disinterested stakeholder and should be discharged

6   from further liability.  Doc. 26 at 9-12.  "Persons with claims that may expose a plaintiff

7   to double or multiple liability may be joined as defendants and required to interplead."

8   Fed. R. Civ. P. 22(a)(1).[2]  "Interpleader allows a party 'subjected to conflicting claims by

9   two or more persons growing out of a single obligation' to 'put the money or other

10  property in dispute into court, withdraw from the proceeding, and leave the claimants to

11  litigate between themselves the ownership of the fund in court." *Trustees of ILWU-PMA*

12  *Pension Plan v. Coates*, No. C-11-3998-EMC, 2013 WL 556800, at *2 n.2 (N.D. Cal.

13  Feb. 12, 2013) (quoting Zechariah Chafee, Jr., *The Federal Interpleader Act of 1936*, 45

14  Yale L.J. 963, 963 (1936)).  "Interpleader's primary purpose is not to compensate, but

15  rather to protect stakeholders from multiple liability as well as from the expense of

16  multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000)

17  (citation omitted).

18       Prudential has an obligation to disburse the Death Benefits to the proper

19  beneficiary.  The Insured designated Jerry as the beneficiary of the Death Benefits at

20  issue. *See* Doc. 26-2 at 2-3, ¶¶ 7-8; *see also id.* at 74, 77, 81.  Prudential has not yet paid

21  Jerry the Death Benefits due to the pending murder charges. *Id.* at 3-4, ¶ 14.  In the event

22  that Jerry is disqualified from receiving the Death Benefits, the Siblings will be entitled

23

24       [2] Rule 22 does not confer subject matter jurisdiction on federal courts.  *See*
25  *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982).  Prudential
    asserts, and the Court agrees, that subject matter jurisdiction in this case may be based on
26  diversity of citizenship under 28 U.S.C. § 1332.  There is no doubt that the amount in
    controversy is satisfied – the unpaid Death Benefits total $106,250.  In addition, there is
27  diversity of citizenship.  In a Rule 22 action, there must be diversity of citizenship
    between the stakeholder and each of the claimants.  *Gelfgren*, 680 F.2d at 81 n.1.
28  Prudential is organized under the laws of New Jersey.  Doc. 1 at 1, ¶ 1.  Prudential's
    principal place of business is New Jersey.  *Id.*  Jerry and the Siblings are residents of
    Arizona.  Docs. 1 at 2, ¶¶ 2-5; 22 at 1-2, ¶¶ 2, 4-6.

to them.  *Id.* at 3, ¶¶ 10, 12.  The interests of Jerry and the Siblings are therefore adverse. At this point, Prudential has no way of determining whether Jerry or the Siblings are the proper beneficiaries; the Court must make that determination.  *See* A.R.S. § 14-2803(F). Prudential therefore is exposed to multiple liability from Jerry and the Siblings, and an interpleader action is appropriate.  *See Primerica Life Ins. v. Arnhold*, No. 3:06-CV-05210-RBL, 2006 WL 1727972, at *2 (W.D. Wash. June 20, 2006) (citations omitted) ("Other jurisdictions have held that an interpleader action is appropriate where the insurance company was specifically notified by criminal authorities that the primary beneficiary is a suspect in an ongoing investigation of [the] insured's death.").

In an interpleader action, a district court has discretion to "discharge the plaintiff from further liability."  28 U.S.C. § 2361; *see also Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1168 (N.D. Cal. 2012) (citing 28 U.S.C. § 2361) (finding discharge proper where plaintiff "is a disinterested party that has deposited the full amount of the sought-after funds with the court").  The Court declines to discharge Prudential from liability at this point; Prudential has not yet deposited the Death Benefits with the Clerk of the Court.  Prudential may renew its request for discharge without further liability at the Rule 16 case management conference.

**E.    Prudential's Right to Seek Reimbursement of Fees and Expenses.**

Prudential "respectfully reserves its right to make an application to this Court, within 14 days of adjudication of the within Motion, requesting reimbursement of costs expended and reasonable attorneys' fees incurred in connection with establishing this fund."  Doc. 26 at 12.  Prudential has not waived this right.  Prudential may file a fee application within 14 days of its discharge.

**IT IS ORDERED**:

1.    Plaintiff's motion for default judgment, or in the alternative, for appointment of a guardian ad litem (Doc. 26), is **granted in part and denied in part**.

2.    Paul J. Theut of Theut, Theut & Theut PC is appointed as guardian ad litem for Defendant Jerry Lee Wells in this matter.

3.      Reasonable fees and expenses incurred by the guardian ad litem in connection with this matter shall be paid out of the Death Benefits to be deposited with the Court pursuant to paragraph 4 of this Order.

4.      Within 21 days of Prudential's receipt of this order, Prudential shall deposit with the Clerk of this Court the Death Benefits, totaling $106,250, together with applicable interest, if any.

5.      The Clerk shall deposit the Death Benefits into the Registry of this Court, in an interest-bearing account.

6.      The Death Benefits shall remain on deposit until further order of this Court.

7.      The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office, at or equal to 10 percent of the income earned on the investment so held and without further order of the Court.

8.      Prudential will not be discharged from further liability upon the deposit of the Death Benefits, but may renew its request for discharge at the Rule 16 case management conference.

9.      Counsel for Prudential shall serve a copy of this order on Mr. Theut within 7 days of its receipt.  Mr. Theut shall file a notice of appearance within 7 days of receiving this order.

10.      The Rule 16 case management conference currently set for **February 19, 2016 at 4:00 p.m.** (Doc. 24) is **vacated** and reset for **April 7, 2016, at 4:30 p.m.**   The parties, including Jerry through his guardian ad litem, shall file an amended Rule 26(f) report seven days before the Rule 16 conference.  Jerry and the Siblings should address the means by which they intend to resolve this interpleader action after Prudential is permitted to withdraw.

Dated this 19th day of February, 2016.

_____
David G. Campbell
United States District Judge